# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-07060-MWF (SK) | Date | August 16, 2019 |
| Title | Antonio M. Taylor v. USP Warden Milunsic | | |

**Present: The Honorable** Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner, a federal prisoner within the Central District of California, filed a petition under 28 U.S.C. § 2241, challenging his 2014 sentence from the Western District of Missouri for drug and firearm convictions. (Pet., ECF 1 at 2). He claims that his sentence was improperly enhanced under the Armed Career Criminal Act ("ACCA") and the trial court impermissibly delegated its obligation to set a restitution payment schedule under the Mandatory Victims Restitution Act of 1996 ("MVRA"). (*Id*. at 11-14). But this is Petitioner's second attempt to challenge that sentence through a habeas petition. Petitioner already filed an unsuccessful motion under 28 U.S.C. § 2255 in the Western District of Missouri. (*See* W.D.Mo. Case No. 4:16-cv-01188).[1] Petitioner claims that he can press new claims attacking his sentence under § 2241 (Pet. at 7), but he is ineligible for a second bite at the apple under the "escape hatch" exception to § 2255.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Thus, "to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Id*. at 865. A "§ 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

First, Petitioner's challenge to his sentence, including the order of restitution, presents pure legal claims, not a claim of factual innocence. *See Bousley v. United States*, 523 U.S. 614, 615 (1998) ("Actual innocence means factual innocence, not mere legal insufficiency."); *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) ("It is clear, however, that Petitioner's

---

[1] The Court takes judicial notice of Petitioner's prior federal criminal and habeas proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07060-MWF (SK) | Date | August 16, 2019 |
|---|---|---|---|
| Title | Antonio M. Taylor v. USP Warden Milunsic | | |

claim that two of his prior offenses should no longer be considered 'related,' and that he was therefore incorrectly treated as a career offender, is a purely legal claim that has nothing to do with factual innocence."); *Stern v. Fed. Bureau of Prisons*, 515 F. Supp. 2d 153, 156 (D.D.C. 2007) (authority under MVRA to set payment schedules "rais[es] purely legal questions").

Second, Petitioner has not shown that he lacked an unobstructed procedural shot at bringing his claims under § 2255 in the original sentencing court. To do that, Petitioner must prove that the "legal basis for [his] claim did not arise until after he had exhausted his direct appeal and first § 2255 motion," and that "the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (quotations omitted). But Petitioner has already had the chance to challenge the legality of his sentence under the ACCA and MVRA before the original sentencing court. And *Rehaif v. United States*, 139 S. Ct. 2191 (2019), on which Petitioner relies as the basis for his ACCA claim, neither "announced a new rule of constitutional law" nor "was [] made retroactive to cases on collateral review by the Supreme Court." *In re Palacios*, _ F.3d _ , 2019 WL 3436454, at *1 (11th Cir. July 30, 2019). There was also no reason why Petitioner could not have challenged his restitution order under the MVRA in his first § 2255 petition.

THEREFORE, Petitioner is ORDERED TO SHOW CAUSE on or before **September 16, 2019** why the Court should not dismiss this § 2241 petition for lack of jurisdiction. *See Hernandez v. United States*, 2014 WL 4180995, at *2 (C.D. Cal. Aug. 20, 2014). If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing the attached Notice of Voluntary Dismissal form. Otherwise, Petitioner must file a timely response proving that jurisdiction under § 2241 is proper. **If Petitioner files no notice of voluntary dismissal or other timely response to this order, the Court will recommend involuntary dismissal of this action for failure to prosecute**. *See* Fed. R. Civ. P 41(b); L.R. 41-1.